Stephen P Arnot, OSB #070765
Assistant United States Trustee
U.S. Department of Justice
Office of the United States Trustee
1220 SW 3rd Ave., Rm. 315
Portland, OR 97204
Tel: (503) 326-4004
Email: steve.arnot@usdoj.gov

Attorney for Gregory M. Garvin,
Acting United States Trustee for Region 18

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Gerald E. Brazie, Jr.<br><br>Debtor. | Case No. 22-30180-dwh11<br><br>**UNITED STATES TRUSTEE'S MOTION TO CONVERT OR DISMISS** |

## MOTION

The Acting United States Trustee, Gregory M. Garvin, by and through his undersigned counsel, files this Motion to Convert or Dismiss (the "Motion") the above captioned debtor's (the "Debtor") bankruptcy case under § 1112(b) with a recommendation of Conversion. In support of the Motion, the United States Trustee respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the Motion pursuant to 11 U.S.C. §§ 307 and 1112(b).

2. The United States Trustee brings the Motion pursuant to the United States Trustee's authority to supervise the administration of bankruptcy cases under 28 U.S.C. § 586(a)(3) and pursuant to 11 U.S.C. § 1112(b).

**UNITED STATES TRUSTEE'S MOTION TO CONVERT OR DISMISS**

## FACTUAL BACKGROUND

3. On October 12, 2018, Judgment was entered in the matter of the United States Department of Labor ("DOL") v. Gerald Brazie ("Debtor" or "Brazie"), Senvoy LLC ("Senvoy") and ZoAn Management, Inc ("ZoAn") for the amount of 3.2 million.

4. The Debtor's primary source of income from 2019 through 2021 was from Senvoy and ZoAn. However, on November 16, 2021, the District Court entered a contempt order prohibiting Senvoy and ZoAn from making any payments to the Debtor and/or his family.

5. Since entry of the judgment, the DOL has continued its efforts to collect on the judgment. To date, the DOL has been unsuccessful.

6. Facing another contempt order, on February 4, 2022, the Debtor sought relief under Chapter 11 of the Bankruptcy Code.

7. According to summary of schedules, the Debtor's real personal property consists of a total value $1.8 million. The secured debt is in excess of $10 million

8. Since the Petition Date the Debtor has remained in possession of the estate acting as Debtor in Possession.

9. There has been very limited activity to reorganize since the bankruptcy filing. On March 2, 2022, the Debtor filed a motion to authorize the sale of a number of high-end automobiles and motorcycles, that are all subject to perfected liens. The Debtor reports three offers, in the last 6 months. It appears one sale has occurred as to a 1972 Buick for $40,000. Umpqua Bank was the lienholder on the title and will assume the proceeds. Even with the current offers and the one sale, there will be no surplus proceeds as the vehicles are encumbered.

10. The Debtor has filed his Monthly Operating Reports for the last 6 months. Other than the sale of the Buick, the debtor's sole revenue source is limited to rental income from a single-family dwelling. As identified on Schedule I and J, the debtor's personal expenses exceed his income.

**UNITED STATES TRUSTEE'S MOTION TO CONVERT OR DISMISS**

11. The Debtor has little chance or likelihood of increasing his income in light of the contempt order issued from the District Court prohibiting the Debtor from using revenues from Senvoy or ZoAn.

12. The Debtor is not paying on his mortgages and other secured obligations. The administrative expenses continue to grow to the detriment of the unsecured creditors. Real property taxes are also not being paid.

13. The Debtor continues to accrue post-petition tax liabilities to the detriment of the creditors of the estate.

14. The United States Trustee asserts that cause exists under 11 U.S.C. § 1112(b)(4) to convert this as there is no reasonable likelihood of reorganization.

## AUTHORITY AND ARGUMENT

### A. The § 1112(b)(1) Standard

If the court specifically identifies that unusual circumstances establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under [chapter 11] to a case under chapter 7 or dismiss a case under [chapter 11], whichever is in the best interests of creditors and the estate, for cause. 11 U.S.C. § 1112(b). Section 1112(b) establishes a two-step analysis for addressing questions of conversion or dismissal. *In re Kenny G Enterprises, LLC*, 2014 WL 4100429, *12 (B.A.P. 9th Cir. Aug. 20, 2014) (citing *Woods & Erickson, LLP v. Leonard (In re AVI, Inc.)*, 389 B.R. 721, 729 (B.A.P. 9th Cir. 2008)). First, the court must determine whether cause exists for conversion or dismissal. *Id.* Second, if cause exists, the court must determine whether the remedy of conversion or dismissal "better serves the interests of the creditors and the estate." *Id.*; *Pryor v. United States Trustee (In re Pryor)*, 2016 WL 6835372, *5 (B.A.P. 9th Cir. Nov. 18, 2016) (affirming bankruptcy court's conversion of chapter

11 case on United States Trustee's motion); *see also In re Owens*, 552 F.3d 958, 960-61 (9th Cir. 2009) (court must consider interests of all creditors). The factors enumerated in § 1112(b)(4) as "cause" are non-exclusive, and "bankruptcy courts enjoy wide latitude in determining whether the facts of a particular case constitute cause for conversion or dismissal under § 1112(b)." *In re Kenny G Enterprises, LLC* at *11, *see also In re Bowers Inv. Co., LLC,* 553 B.R. 762, 768 (Bankr. D. Alaska 2016). Here, "cause" to dismiss the cases exists under § 1112(b)(4)(A).

### B. Cause Exists Under § 111(b)(4)(A)

Cause to dismiss this case exists under § 1112(b)(4)(A) due to a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." To satisfy cause under this factor "there must be both (1) continuing loss or diminution, and (2) the absence of a reasonable likelihood of rehabilitation." *In re Prod. Int'l Co.,* 395 B.R. 101, 110 (Bankr. D. Ariz. 2008), *citing In re Original IFPC Shareholders, Inc.,* 317 B.R. 738 (Bankr. N.D. Ill. 2004); and *In re AdBrite Corp.,* 290 B.R. 209 (Bankr. S.D.N.Y. 2003). Both factors are present in this case. As to the first factor, the Debtor's income is inadequate to cover his personal expenses, let alone any of his business expenses and taxes. The Debtor will continue to suffer losses considering the District Court's order prohibiting the Debtor from making any membership or shareholder distributions to the Debtor.

As to the second factor, "[r]ehabilitation is a more demanding standard than reorganization and is defined by whether the Debtor will be able to reestablish his business on a firm, sound basis." *In re Paterno*, 511 B.R. 62, 68 (Bankr. M.D.N.C. 2014) *citing In re Creekside Sr. Apartments, L.P.,* 489 B.R. at 53; *In re Westgate Prop., Ltd.,* 432 B.R. 720, 723 (Bankr. N.D. Ohio 2010). "Determining whether there is a likelihood of rehabilitation is not a technical test of whether the Debtor can confirm a plan, but rather, whether the debtor's business prospects justify

**UNITED STATES TRUSTEE'S MOTION TO CONVERT OR DISMISS**

continuance of the reorganization effort." *In re Paterno*, 511 B.R. at 68 *citing In re Vallambrosa Holdings, LLC,* 419 B.R. at 89. Here, the Debtor's income is extremely limited in light of the District Court contempt order. In addition, any sales of the Debtor's property or business interests will not generate funds to reorganize given that the Debtor's assets are over-encumbered as the Court can readily see from a review of Schedule D.

In *In re Alston*, the judge found that there was cause to dismiss the individual Chapter 11 case on a substantial or continuing loss theory due to debtor's failure to make post-petition mortgage payments, causing unpaid administrative expenses to mount, and given debtor's negative cash flow over the last six months of case. *In re Alston*, 756 Fed. Appx. 160 (3d Cir. 2019).

The court in the *Sakon* case determined that cause existed to convert the case to chapter 7 based on substantial and continuing loss under § 1112(b)(4)(A) due to eight months of continual losses, insufficient post-petition income to meet debtor's continually-accruing expenses, a lack of evidence that debtor would be able to secure reliable, credible funding, and lack of ostensible resources to support administration of the case. *In re Sakon*, 617 B.R. 7, 68 Bankr. Ct. Dec. (CRR) 208 (Bankr. D. Conn. 2020). Another court affirmed dismissal where the debtor's monthly operating reports revealed a negative cash balance, and revealed that the debtor, who had negative equity in his realty, lacked any other noncash assets with which to fund a plan. *In re Sanders*, 2013 WL 1490971 (B.A.P. 9th Cir. 2013) (unreported opinion).

### C. Lack of Unusual Circumstances

Having established cause, the next query is whether there exist any "unusual circumstances" which would justify not converting or dismissing the case. Aside from § 1112(b)(2), inserted by BAPCPA, § 1112(b) does not define "unusual circumstances" but the bankruptcy court for the District of Montana aptly described the exception as follows:

> [I]t clearly contemplates conditions that are not common in most chapter 11 cases. Although each chapter 11 case is to some extent unique, and unusual circumstances may exist in any particular case regardless of its size or complexity, the import of section 1112(b) is that, if cause exists, the case should be converted or dismissed unless unusual facts or circumstances demonstrate that the purposes of chapter 11 would be better served by maintaining the case as a chapter 11 proceeding.

*In re Fisher*, Bankr. No. 07-61338-11, 2008 WL 1775123, at *5 (Bankr. D. Mont. Apr. 15, 2008). Here, there are no unusual circumstances which would warrant keeping these cases in chapter 11.

The UST believes conversion to Chapter 7 is appropriate under the circumstances of this case. Specifically, within two years of the Debtor's filing, the Debtor either transferred or caused to be transferred in excess of $800,000 for the benefit of the Debtor. (see Declaration of Norman Garcia, counsel to the DOL, with an attached ledger identifying the above transfers, filed as Docket No. 86.)

The UST believes that converting this case to chapter 7 is in the best interest of the creditors of the estate because it will allow a thorough investigation of the transfers and to determine what constitute property of the debtor's bankruptcy estate

WHEREFORE, the United States Trustee respectfully requests that the Court enter an Order converting this Chapter 11 case to chapter 7 and for such other relief as the Court finds just and proper.

DATED this 1st day of September 2022.

        Respectfully Submitted,

        Gregory M. Garvin
        Acting United States Trustee for Region 18

        /s/ *Stephen Arnot*
        Stephen P Arnot, OSB 070765
        Assistant United States Trustee

**UNITED STATES TRUSTEE'S MOTION TO CONVERT OR DISMISS**

# CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2022, I served a copy of the foregoing UNITED STATES TRUSTEE'S MOTION TO CONVERT OR DISMISS on all parties included on the Court's CM/ECF electronic service list and on the Debtor by first class mail at the following address:

Gerald Edward Brazie, Jr
PO Box 14607
Portland, OR 97293

GREGORY M. GARVIN
Acting United States Trustee for Region 18

/s/ Stephen P. Arnot
STEPHEN P. ARNOT
OSB #070765, Assistant United States Trustee