Douglas R. Ricks, OSB #044026
Christopher N. Coyle, OSB #073501
VANDEN BOS & CHAPMAN, LLP
319 SW Washington St., Ste. 520
Portland, OR  97204
Telephone:  503-241-4869
Fax:  503-241-3731

	Of Attorneys for Debtor

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re<br><br>Gerald Edward Brazie, Jr.<br><br>Debtor. | Case No. 22-30180-dwh11<br><br>DEBTOR-IN-POSSESSION'S MOTION TO CONVERT CASE TO CHAPTER 7 |
|---|---|

Debtor-in-Possession Gerald Edward Brazie, Jr. (the "Debtor"), by and through counsel, Vanden Bos & Chapman, LLP, MOVES this Court for an order converting this case to one under chapter 7. In support, the Debtor states as follows:

1.	The Court has jurisdiction over the motion pursuant to Sections 157 and 1334 of Title 28 and LR 2100-2(a). This is a core proceeding pursuant to Section 157(b)(2)(A) and (O) of Title 28. Venue of the Chapter 13 Case and this motion are proper pursuant to Section 1408 of Title 28.

2.	The statutory predicates for the relief requested includes Section 1112(a) and Rule 1017.

**RELEVANT FACTUAL BACKGROUND**

3.	The Debtor filed a voluntary petition for relief under chapter 11 (the "Petition") on February 4, 2022 (the "Petition Date").

Page 1 of 3    DEBTOR-IN-POSSESSION'S MOTION TO CONVERT CASE TO CHAPTER 7

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 22-30180-dwh7    Doc 142    Filed 01/20/23

4.      On October 21, 2022, the Court entered the Stipulated Order on United States Trustee's Motion to Dismiss or Convert Chapter 11 Case (Docket #126) (the "UST Stipulation"). Following entry of the UST Stipulation, the United States, by and through the Department of Labor ("DOL"), advised that it would defer any action on the pending asset sale of Senvoy, LLC, the Debtor's primary asset and anticipated primary means of addressing the claims of Debtor's creditors. This action effectively thwarted the Debtor's ability to propose a feasible chapter 11 plan at that time and, instead, required the Debtor to start a new employment search in late October 2022. On January 12, 2022, the Debtor advised that he had been successful in obtaining unrelated employment. Earlier this week, the DOL has apparently shifted it position with respect to the Senvoy, LLC sale; however, any transition services by the Debtor will be at no cost.

5.      Based on the Debtor's projected income from his non-Senvoy employment and, in the absence of the completion of the asset sale of Senvoy, LLC, it was ascertained that proposal of a feasible chapter 11 plan, confirmable within the timeframes permitted by the UST Stipulation, was not a realistic probability. Based on this analysis, the Debtor, instead of dismissal, chose to convert this case to a case under chapter 7.

## ARGUMENT

6.      Conversion of the case is in the best interests of the Debtor's creditors; appointment of a chapter 7 trustee will ensure an orderly treatment of creditors with respect to the anticipated asset sale of Senvoy, LLC assets, ensure appropriate treatment for creditors, and avoid the necessity of creditor action due to existing defaults.

7.      The Debtor is qualified, under Section 109, to be a debtor under chapter 7. There are no unusual circumstances that would prevent the Court from converting this case.

Page 2 of 3     DEBTOR-IN-POSSESSION'S MOTION TO CONVERT CASE TO CHAPTER 7

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 22-30180-dwh7    Doc 142    Filed 01/20/23

In addition, the UST Stipulation demonstrates that cause under Section 1112 has been established.

8. Further evidence of cause may be found in the pleadings and submissions relating to the United States Trustee's Motion to Convert or Dismiss (Docket #88) and the UST Stipulation.

WHEREFORE, the Debtor requests that the Court (1) issue a Notice of Proposed Conversion of Case (Chapter 11 to Chapter 7) and (2) upon expiration of the Rule 2002(a)(4) notice period, entry of an order converting this case to a case under chapter 7.

DATED: January 20, 2023                VANDEN BOS & CHAPMAN, LLP

By:/s/Douglas R. Ricks
    Douglas R. Ricks, OSB #044026
    Christopher N. Coyle, OSB #073501
    Of Attorneys for Debtor-in-Possession

Page 3 of 3   DEBTOR-IN-POSSESSION'S MOTION TO CONVERT CASE TO CHAPTER 7

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 22-30180-dwh7   Doc 142   Filed 01/20/23

## CERTIFICATE - TRUE COPY

    I hereby certify that I prepared the foregoing copy of the foregoing named document and have carefully compared the same with the original thereof and it is a correct copy therefrom and of the whole thereof.

## CERTIFICATE OF SERVICE

    I hereby certify that I served a copy of the foregoing on:

Gerald E. Brazie, Jr.
PO Box 14607
Portland, OR  97293

by mailing a copy of the above-named document to each of the above in a sealed envelope addressed to the same at his, her, or their last known address.  Each envelope was deposited in the Post Office at Portland, Oregon, on the above date, postage prepaid.

    I hereby certify that the foregoing was served on all CM/ECF participants through the Court's Case Management/Electronic Case File system on the date set forth below.

Dated:  January 20, 2023        VANDEN BOS & CHAPMAN, LLP


                                         By:/s/Douglas R. Ricks
                                             Douglas R. Ricks, OSB #044026
                                             Of Attorneys for Debtor-in-Possession

Page 1 of 1    CERTIFICATE OF SERVICE

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 22-30180-dwh7   Doc 142   Filed 01/20/23